## (February 14, 1956)

■ In the Matter of the PORT OF NEW YORK AUTHORITY, Appellant-Respondent, Relative to Acquiring Title to Real Property for the Third Tube and Additional Approaches and Connections of the Lincoln Tunnel, in the Borough of Manhattan. JOHN S. SWIFT COMPANY, INCORPORATED, et al., Respondents-Appellants; TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, Respondent.

*Per Curiam.* These are cross appeals from a final decree entered in a condemnation proceeding instituted by the Port of New York Authority to acquire property for the improvement of the approaches to the Lincoln Tunnel. The appeals concern the awards for Damage Parcels 3, 4, 12, 13 and 48.

The trial court determined the value of certain of the damage parcels under review by capitalizing the net income on the basis of a 6% return on the land and an 8% return on the building. In ascertaining the net rents, the court deducted, as an expense, real estate taxes based on the assessed valuation in effect at the time of the taking. This conformed to the computations of the experts both for the claimants and the Port Authority. They all used the assessed valuation as the base for determining the amount to be deducted for taxes from the gross rent. On this appeal the Port Authority urges, for the first time, that the computation of taxes based on assessed valuation in determining value by the capitalization of income formula is incorrect. It contends that the court should have capitalized the net income before taxes on the basis of the allowable return plus the tax rate on the resulting higher base. It argues that this method produces a more realistic result because the taxes are thus calculated on the basis of the value determined by the court through the use of the capitalization formula.

While this theory presents interesting facets and might permit a more accurate determination of value, it was not urged during the trial. Although some

compelling arguments are advanced by the Port Authority in its support, there probably would be sharp disagreement among the experts with respect to it. The record is completely devoid of any testimony on the subject. Since the issue was not tendered to the court nor proof offered to support it at the trial, we cannot now consider it (*Matter of City of New York* [*East Riv. Drive*], 264 App. Div. 555, affd. 298 N. Y. 843). On the record before it, therefore, the trial court properly applied the capitalization of income formula.

With respect to Damage Parcel 4, the court made an allowance of $25,000 for reconstruction cost. We cannot determine from the record whether the *after-taking building* value of $600,000 represents the value before or after reconstruction. If it be the latter, the allowance for such purpose was properly made; however, if it represents the value before reconstruction, then it would constitute a double allowance. Consequently the decree, insofar as it applies to this parcel, is reversed and the matter remanded to Special Term for clarification and proper findings with respect to the item of reconstruction.

Damage Parcel 12 is in a retail use district and was used as a parking lot. The property has frontages on both 33rd and 34th Streets. After determining the unit lot values on both streets, the court allowed a 20% increment for non-conforming use. In our view, the 20% allowance for the lots fronting on 33rd Street was excessive because that frontage did not have the full benefit of the nonconforming use. The claimant operated the property as a parking lot under an appropriate license which granted permission for curb cuts on 34th Street only. There was no means of ingress to the parking lot from 33rd Street. Accordingly, a 10% increment on the 33rd Street frontage for nonconforming use would have been adequate compensation for the claimant. The court found a 33rd Street unit lot value of $20,000, to which it added the 20% increment for nonconforming use, or an increase of $4,000 per unit. On the basis of 7.275 units fronting on 33rd Street, the award should be reduced by $15,550. With respect to this damage parcel, therefore, the decree is modified by reducing the award to $461,081.

The decree of the court below with respect to Damage Parcel 13 is affirmed.

Damage Parcel 48 was leased to Socony-Vacuum Oil Company under a fifteen-year lease which granted the tenant an option to renew for an additional five-year period. The trial court found that the rent reserved in the lease exceeded the fair rental value of the property by approximately $5,792 per annum. Upon that finding, the court allowed the claimant $66,434, on the theory that the excess rental would continue for a period of twenty years. While the claimant was entitled to an allowance for excess rental, the allowance should have been limited to the balance of the term of the lease. Since the lease rental was in excess of the fair rental value, it cannot be assumed that the tenant would exercise its option to renew at the same rental upon the expiration of the lease. By the application of the Inwood factor based on the unexpired term of the lease but excluding the optional renewal period, we find that the excess rental allowance should be reduced by $11,995. Consequently, the award for this damage parcel is reduced by that amount to the sum of $418,295.

Accordingly, the decree to the extent hereinabove indicated should be modified and, as so modified, affirmed.

Peck, P. J., Bastow, Rabin, Cox and Frank, JJ., concur.

Decree unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice. [See *post*, p. 885.]