WILLIAM J. PURCELL, Plaintiff, v. CATHERINE HARPER, Defendant.

City Court of Albany, November 25, 1966.

*Francis P. Mulderry* and *Arthur F. McGinn, Jr.,* for plaintiff. *E. David Duncan* for defendant.

EVARISTE G. LAVIGNE, J. This is an action to recover a deposit in the amount of $1,000 made by the plaintiff to the defendant pursuant to a contract for the purchase of an unimproved parcel of real property on New Scotland Road in the Town of Bethlehem, New York. The complaint further seeks legal fees in the amount of $75 and disbursements for an abstract of title in the amount of $45. The answer of the defendant is a general denial except that defendant admits the retention of the deposit money.

The plaintiff has moved for summary judgment for the relief demanded in the complaint and the defendant has cross-moved for summary judgment dismissing the complaint.

The affidavit of the plaintiff recites that plaintiff answered an advertisement which indicated that a lot on New Scotland Road in the Town of Bethlehem was being offered for sale and that the lot had dimensions of 80 feet by 145 feet. Plaintiff states that he contacted the defendant and her husband and advised them

that he and his wife were interested in purchasing a lot for the purpose of constructing a family residence. A contract for the purchase of said lot was dated May 11, 1966 and executed by both parties herein. The said contract contained a description of the property to be conveyed and it was drafted by the attorney for the defendant herein. The easterly course of the boundary of the said lot was described in the contract as follows: " Thence in a southerly direction 145 feet, more or less, to a point in the northerly line of lot No. 3 of the lands of Catherine E. Harper." The said contract recited that the date of closing was to be on or about June 10, 1966.

The affidavit of the plaintiff indicates that a survey made by A. B. Carr and a proposed deed were subsequently delivered to the attorney for the plaintiff. The easterly course of the boundary of said lot as shown by the Carr survey and as shown by the description contained in the proposed deed was recited to be: " thence North 4°48′ East a distance of 132.03 feet to an iron pipe in the southerly line of New Scotland Road." Because the easterly boundary of the said lot as recited in the proposed deed is approximately 13 feet less in length than the easterly boundary as shown in the contract of purchase, the plaintiff herein demands return of the deposit made at the time of the execution of the said contract.

There was no affidavit from the defendant submitted to this court. The attorney for the defendant has submitted his own affidavit in which he states that the description of the easterly boundary of the lot which was contained in the purchase contract recited immediately following the words 145 feet, " more or less ". He states that the reason the words " more or less " were used in the said description was that the exact measurement of the said line was not known and that a surveyor was to be hired to determine the exact length of the said course. At no place in his said affidavit does the attorney state that the plaintiff was informed that the exact length of the easterly course was not known.

Defendant argues that plaintiff is estopped to raise any issue as to the marketability of title because plaintiff failed to appear on the closing date and tender his own performance. Also defendant argues that she could have cured any defect as to the amount of land to be conveyed because of a new survey made September 19, 1966. This was two and one-half months after the closing date. However, that survey does not show the easterly boundary line to be 145 feet but it merely extends that line approximately 2 feet beyond the deed description. This survey does extend the southerly boundary by some 13 feet beyond what

was called for by the contract but this was never asked for by plaintiff, nor was plaintiff entitled to demand it. The defendant cannot cure the shortage of 11 feet in length of the easterly boundary by extending the southerly boundary some 13 feet.

Where the title offered by the vendor is incurably defective the vendee can recover the money paid on the contract without a showing that he tendered his own performance. (*Cohen* v. *Kranz*, 12 N Y 2d 242, 246; *Greene* v. *Barrett, Nephews & Co.*, 238 N. Y. 207, 211.) Here the vendee was given a copy of the deed to be executed by the vendors and a survey which was the basis for the deed description. Both described an easterly course which was 13 feet shorter than that required by the contract. This excuses the vendees from tendering their performance as a matter of law. This was the deed the vendors were going to execute and to require the vendees to offer their performance in the light of this would be asking them to do an act in vain. This is not the same as a situation where the proposed deed conforms to the contract but the vendees raise some other issue as to marketability which is not connected with the description of the property.

The variance of some 13 feet on the east line measurement of said property is in the opinion of this court substantial and material and justified the plaintiff in refusing to attend " law day ". (*Friedman* v. *Baron*, 250 N. Y. 552.)

Defendant also relies to some extent upon the words " more or less " appearing in the legal description of said property, as covering the 13-foot differential on the east boundary. I have been unable to find any authority favorable to this defense. To allow such words to cover any substantial alteration of boundary and measurements would be to defeat the true purpose of all legal descriptions affecting real property. It is inconceivable to think that such words are so flexible as to cover a situation such as presents itself here.

Basically, plaintiff agreed to buy the parcel of land in question with stated measurements, for a sum of money, $1,000 of which was paid by plaintiff to defendant as a deposit on said transaction. Defendant agreed to sell said parcel of land with the same stated measurements to plaintiff for the same purchase price and acknowledges the receipt by her of the $1,000 deposit on the part of plaintiff. Defendant has breached this contract and plaintiff as a matter of law is entitled to a judgment for the $1,000 deposit made by him.

The motion of defendant for summary judgment is hereby denied and the answer of the defendant stricken. That portion

of plaintiff's motion for summary judgment where he demands a return of the $1,000 deposit made by him, is granted and said motion is in all other respects denied. Judgment granted plaintiff in the sum of $1,000, together with costs.