■ 731 WEST LAKE ROAD, INC., Respondent, v GEORGE R. BOHEEN, Appellant.—Judgment unanimously reversed, with costs, and judgment granted in favor of defendant in accordance with the following memorandum: Appellant Boheen was the purchaser of a condominium unit from respondent 731 West Lake Road, Inc. On the closing of that transaction, West Lake demanded reimbursement from Boheen for a proportionate share of the mortgage taxes previously paid by respondent on its blanket mortgage. Respondent claims it is entitled to the mortgage tax credit provided for in subdivision 2 of section 339-ee of the Real Property Law. That section authorizes a credit against the mortgage tax which would otherwise be due when a condominium unit is first conveyed. The credit given is in the amount of the unit's pro rata share of the mortgage tax paid by the developer on its blanket mortgage. Unless the parties contract otherwise, the benefit of the credit goes to the purchaser. West Lake contends that it did provide otherwise. It relies on paragraph 8 of the purchase agreement between the parties and a portion of its offering plan, which it contends is incorporated in the purchase agreement. Paragraph 8 of the agreement, stripped to its essentials, provides simply as follows: "The Purchaser * * * agrees to pay to Seller [certain fees]; and in the event the Purchaser shall obtain a purchase money first mortgage * * * mortgage taxes * * * assessed on the loan." (Emphasis added.) The "loan" on which the purchaser is required to pay the mortgage taxes necessarily refers to its antecedent, the purchase money first mortgage, not to mortgage loans earlier secured by West Lake. Similarly, the portion of the offering plan relied on by West Lake provides, in pertinent part: "The * * * costs * * * to be borne by * * * Purchaser are as follows * * * (c) In the event the Purchaser shall obtain a purchase money first mortgage * * * he shall pay to [West Lake] * * * the following costs actually paid by Sponsor * * * mortgage tax of ½% of the amount of the mortgage up to $10,000 and ¾% of amount of mortgage over $10,000." (Emphasis added.) As in the case of paragraph 8 of the agreement, the "mortgage" on which the purchaser is required to pay tax refers to the purchase money first mortgage, that is, the purchaser's mortgage and not West Lake's obligation. Had it been so intended, the agreement could have

provided in explicit terms that West Lake was to be reimbursed to the extent of any mortgage tax credit accorded the purchaser. Although there is no true ambiguity in the quoted clauses, any ambiguity therein should be resolved against West Lake, the draftsman of the doubtful provisions. (*Hodom v Stearns,* 32 AD2d 234.) (Appeal from judgment of Monroe Supreme Court—submitted controversy.) Present—Simons, J. P., Dillon, Hancock, Denman and Goldman, JJ.