## SECOND DEPARTMENT, DECEMBER, 1977

### (December 5, 1977)

■ ALLBRAND DISCOUNT LIQUORS, INC., Respondent, v TIMES SQUARE STORES CORPORATION, Appellant.—In an action by a lessee to recover damages for anticipatory breach of a commercial lease, the defendant appeals from (1) a judgment of the Supreme Court, Nassau County, entered March 16, 1977, which is in favor of plaintiff and against it, after a nonjury trial, and (2) an order of the same court, dated June 1, 1977, which denied its motion, *inter alia,* to vacate the judgment. Judgment and order affirmed, with one bill of costs to cover both appeals. The trial court's finding that the lessor anticipatorily breached its lease when it told the lessee that it "could not live" with the lease as drawn and would not allow the lessee to take possession without renegotiation, was correct. Once it becomes clear that one party will not live up to the contract, the aggrieved party is relieved from the performance of futile acts, such as conditions precedent *(Kooleraire Serv. & Installation Corp. v Board of Educ.,* 28 NY2d 101, 106). Thus, the failure of the lessee to apply for a liquor license is excusable, since it was not required to do so after it was told by the lessor that it would not be allowed to take possession under the lease. Finally, the failure of the trial court to consider evidence concerning the effect of the cost of living provision on the value of the leasehold was not improper, in view of the fact that no such evidence was ever offered at the trial (see *Matter of Port of N. Y. Auth. [Lincoln Tunnel—Swift Co.],* 1 AD2d 801). Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.

■ KATHERINE B. ASHLEY, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the New York State Human Rights Appeal Board, dated July 18, 1977, which affirmed a determination of the State Division of Human Rights, dated January 20, 1976 and made after a hearing, which dismissed the complaint charging unlawful discrimination due to age. Order confirmed and proceeding dismissed, without costs or disbursements. On this record we find no support for petitioner's charge that the proceeding before the appeal board was defective (1) due to the presence of only one member thereof (see Executive Law, § 297-a, subd 4) and (2) because the oral argument was not transcribed. As to the latter contention, there is no statutory requirement that oral argument, if permitted within the appeal board's discretion, be transcribed. We have also examined petitioner's contentions contained in the original record, and find no basis for her assertion that she was discriminated against because of age. Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.