■ SUNSHINE STEAK, SALAD & SEAFOOD, INC., Respondent, v W. I. M. REALTY, INC., Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered July 29, 1986 in Albany County, upon a verdict rendered in favor of plaintiff.

Defendant owns a four-floor commercial building in the City of Albany. Plaintiff desired to rent part of the building to operate a restaurant, and the parties commenced negotiations in late 1980. On April 1, 1981, the parties entered into an "Indenture of Lease". It described the property to be leased as "the fourth floor of premises known as No. 44 Broadway, Albany, New York". The lease provided for an annual rent of

$24,960 and a term of 10 years. The lease also contained a provision requiring plaintiff to reimburse defendant for a percentage of maintenance costs and property taxes based on a ratio of the square footage of area leased to the square footage of rentable space in the building. Blank spaces were left in the agreement for the square footage leased and the total square footage of the building. Finally, the agreement was contingent upon plaintiff obtaining financing, title insurance and a liquor license.

Plaintiff obtained financing and applied for a liquor license. As part of that process, plaintiff was required to develop a floor plan. Plaintiff hired professionals to develop the floor plan and a copy was given to defendant. Defendant developed its own version of a floor plan which showed plaintiff sharing space on the fourth floor with another business. This sort of plan was unacceptable for the purpose of obtaining a liquor license. Defendant then took the position that if plaintiff wished to rent more than 9,000 square feet on the fourth floor, the annual rent would have to be adjusted upward. After some correspondence, defendant wrote to plaintiff with new terms, including an increased annual rent, and stated, "If these provisions are not acceptable, I suggest we terminate our arrangement." At this point, plaintiff discharged two employees it had hired to manage the restaurant and declared that it would not perform further.

Plaintiff commenced this action on a theory of anticipatory repudiation seeking to recover as damages expenses incurred for preparatory work. Defendant counterclaimed, charging breach of contract. After a trial, a jury awarded $20,000 in damages to plaintiff. Defendant appeals.

A party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition (*Kooleraire Serv. & Installation Corp. v Board of Educ.*, 28 NY2d 101, 106). Further, where it becomes clear that one party will not live up to a contract, the aggrieved party is relieved from the performance of futile acts or conditions precedent (*Allbrand Discount Liqs. v Times Sq. Stores Corp.*, 60 AD2d 568). Here, plaintiff's evidence demonstrated that a liquor license could not be obtained with the floor plan insisted on by defendant and that defendant refused to perform according to the terms of the agreement. The jury, as the finder of fact, agreed. Since defendant frustrated plaintiff from obtaining a liquor license and it would have been futile for plaintiff to perform the

remaining condition precedent, anticipatory repudiation was properly found.

Finally, we reject defendant's contention that the agreement was not a contract but simply an "agreement to agree". The agreement had all of the elements of a contract. While there were blank spaces for the square footage to be leased and the total rentable square footage, these were not essential terms, but were simply part of the formula employed to compute plaintiff's pro rata share of maintenance costs and property taxes.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.