■ JOHN M. MAXON, Doing Business as TRANSAVER, Respondent-Appellant, v FRANKLIN TRAFFIC SERVICE, INC., et al., Appellants-Respondents. (Action No. 1.) FRANKLIN TRAFFIC SERVICE, INC., Appellant-Respondent, v JAMES W. MCDONOUGH, Respondent-Appellant. (Action No. 2.) [689 NYS2d 559] —Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: John M. Maxon, doing business as Transaver (Maxon), the plaintiff in action No. 1, entered into franchise agreements with Franklin Traffic Service, Inc. (FTS), a defendant in action No. 1 and the plaintiff in action No. 2, to provide shipping and freight management services to businesses. Maxon commenced action No. 1 when FTS threatened to terminate the franchise agreements, and FTS commenced action No. 2 against James W. McDonough (McDonough), an employee of Maxon, for breach of a covenant not to compete.

Supreme Court properly granted that part of the motion of Maxon and McDonough seeking leave for Maxon to serve a second amended complaint in action No. 1 with respect to the proposed fourth, fifth, sixth, eighth, ninth, tenth and eleventh causes of action. Those proposed causes of action are based upon the same transactions and occurrences as the claims asserted in the first amended complaint and are not time-barred (*see,* CPLR 203 [f]).

The court erred, however, in granting Maxon leave to serve a second amended complaint in action No. 1 with respect to the proposed first and third causes of action. The first amended complaint, which was served in August 1988, did not give notice of the transactions or occurrences to be proved pursuant to those causes of action in the second amended complaint (*see,* CPLR 203 [f]). Although the defendants in that action

(hereafter defendants) were aware of the nature of the new allegations through the discovery process, "mere notice alone, independent of the original pleadings, is inadequate; the pleadings themselves must give the requisite notice" (*Shapiro v Schoninger*, 122 AD2d 38, 40). The first and third causes of action in the first amended complaint alleged anticipatory repudiation of the franchise agreements arising from alleged conduct by defendants in July 1988 (*see, Sunshine Steak, Salad & Seafood v W.I.M. Realty*, 135 AD2d 891, 892). Those causes of action had accrued although there were no present damages (*see, Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402). By asserting those causes of action, Maxon elected to treat the conduct of defendants as a repudiation of their contractual relationship and a breach of their agreements (*see,* 22A NY Jur 2d, Contracts, § 450). The proposed first and third causes of action in the second amended complaint arise from the formal termination of the contractual relationship in October 1988 and February 1989 and are therefore premised upon facts that occurred after service of the amended complaint. Those proposed causes of action would impermissibly shift the focus of this action away from defendants' alleged repudiation of the contractual relationship in July 1988. Thus, those causes of action do not relate back to the amended complaint and are time-barred (*cf., Caffaro v Trayna*, 35 NY2d 245).

The court also erred in granting Maxon leave to serve a second amended complaint in action No. 1 with respect to the proposed second and seventh causes of action sounding in tort. The second and seventh causes of action in the first amended complaint were based upon defendants' alleged repudiation of the contractual relationship in July 1988. The proposed second and seventh causes of action are impermissibly based on defendants' later termination of the contractual relationship (*cf., Caffaro v Trayna, supra*).

Further, the court erred in denying that part of defendants' cross motion seeking dismissal of the second and seventh causes of action in the first amended complaint in action No. 1 against Franklin. Maxon characterizes those causes of action as anticipatory torts. A tort cause of action, however, does not accrue until an injury is sustained (*see, Snyder v Town Insulation*, 81 NY2d 429, 432-433). Inasmuch as any personal liability on the part of defendant Elliott A. Franklin (Franklin) is dependent upon the viability of a tort cause of action, the court erred in failing to grant defendants' cross motion seeking dismissal of action No. 1 against Franklin.

The court also erred in denying that part of the motion of Maxon and McDonough in action Nos. 1 and 2 seeking partial summary judgment declaring the covenant not to compete contained in Maxon's franchise agreements and McDonough's employment contract void and unenforceable. That covenant provides that, in the event of termination of his relationship with FTS, neither Maxon nor McDonough may engage in a similar business for a period of five years within 300 miles of any office operated by FTS. We conclude that those restrictions are unreasonable as to time, scope and area and are unduly burdensome (*see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499).

Finally, the court properly granted that part of the motion of Maxon and McDonough granting McDonough leave to serve an amended answer in action No. 2.

We therefore modify the order by denying that part of the motion of Maxon and McDonough seeking leave for Maxon to serve a second amended complaint in action No. 1 with respect to the proposed first, second, third and seventh causes of action, and by granting in part the cross motion of defendants and dismissing the second and seventh causes of action in the first amended complaint in action No. 1 against Franklin. We further modify the order by granting that part of the motion of Maxon and McDonough in action Nos. 1 and 2 seeking partial summary judgment declaring the covenant not to compete void and unenforceable and by granting judgment in favor of Maxon and McDonough accordingly. (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Callahan, JJ.