■ EAST MAIN STREET REALTY CORPORATION, Respondent, v CONSTANCE BERNSTEIN, Appellant. [723 NYS2d 202] —In an action to recover damages for breach of a lease, the defendant appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated May 16, 2000, which denied her motion for summary judgment dismissing the complaint, and granted the plaintiff's cross application for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The defendant, a dentist, leased an office in a building at 164 East Main Street (hereinafter the premises) from the plaintiff's predecessor from October 1, 1991, through September 30, 2001. That lease gave the defendant the right of first refusal on certain adjacent space in the event that space was to be leased. In September 1996, the defendant vacated the premises, contending the plaintiff had violated her right to lease the adjacent space by permitting a related company, East Neck Development Corporation (hereinafter East Neck) to occupy that space. The Supreme Court found the defendant liable for prematurely vacating the premises and set the matter down for trial on the issue of damages.

The Supreme Court correctly found that the defendant was responsible for unpaid rent, and granted summary judgment to the plaintiff on the issue of liability. It is undisputed that the defendant vacated the premises prior to the expiration of the lease without the plaintiff's agreement, and has failed to pay rent since November 1, 1996. This was sufficient for the plaintiff to make out a prima facie case that the defendant breached the lease and is liable for the plaintiff's damages.

The defendant's allegations that the plaintiff violated her right of first refusal by leasing or offering to lease the adjacent space to East Neck are insufficient to warrant the denial of summary judgment to the plaintiff. The plaintiff's proof was also sufficient to show that, as a matter of law, it did not lease or offer to lease the adjacent space to East Neck or anyone else (*see, Matter of Dodgertown Homeowners Assn. v City of New York,* 235 AD2d 538; *Matter of Davis v Dinkins,* 206 AD2d 365). Thus, it did not violate the defendant's right of first refusal. The defendant's proof in response thereto was insufficient to raise a triable issue of fact (*cf., Sunshine Steak, Salad & Seafood v W. I. M. Realty,* 135 AD2d 891, *and Allbrand Discount Liqs. v Times Sq. Stores Corp.,* 60 AD2d 568; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.