11-1308-cv
Singas Famous Pizza Brands Corp. et al. v. New York Advertising LLC, FKA Ganesha Oak LLC et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of March, two thousand twelve.

Present:
> ROBERT A. KATZMANN
> RICHARD C. WESLEY,
> > *Circuit Judges*,
> MARK R. KRAVITZ,
> > *District Judge*.[*]

---

SINGAS FAMOUS PIZZA BRANDS CORP.,

> *Plaintiff-Appellee*,

SINGAS FAMOUS PIZZA & RESTAURANT CORP.,                    No. 11-1038-cv

> *Plaintiff-Counter-Defendant-Appellee,*

> > v.

NEW YORK ADVERTISING LLC, FKA GANESHA OAK,
LLC, 11 CLASSIC, INC., SINGAS EXPRESS, INC.,
> *Defendants-Appellants*,

KAMINI VADHAN,

> *Defendant-Counter-Claimant-Appellant*.[**]

---

[*] The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption as noted.

For Plaintiffs-Appellees:           MICHAEL EINBINDER, Einbinder & Dunn, LLP, New
                                    York, N.Y.

For Defendants-Appellants:          JOSEPH P. GARLAND, White Plains, N.Y.


Appeal from the United States District Court for the Southern District of New York (Holwell, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellees Singas Famous Pizza Brand Corp. and Singas Famous Pizza & Restaurant Corp. (collectively, "Singas") operate or franchise nearly two dozen Singas Famous Pizza restaurants in the tri-state area. Singas brings this action seeking to enjoin Defendants-Appellants ("defendants") from operating a former Singas Famous Pizza franchise located at 94 Avenue C in New York, New York (the "Avenue C Restaurant") as well as a similar restaurant doing business as Queens New York Famous Pizza, located at 35-68 73rd St. in Queens, New York (the "Jackson Heights Restaurant"). By Memorandum Opinion and Order dated February 14, 2011, the United States District Court for the Southern District of New York (Holwell, *J.*) granted Singas's motion for a preliminary injunction barring defendants from operating both the Avenue C and the Jackson Heights Restaurants. Defendants appeal the district court's order only insofar as it applies to the Jackson Heights Restaurant, contending that the ten-mile geographic scope of a post-termination restrictive covenant in the parties' Franchise Agreement is unreasonably broad. We presume the parties' familiarity with the underlying facts and procedural history of this case.

"We review a district court's decision to grant or deny a preliminary injunction for abuse of discretion. An abuse of discretion occurs if the district court (1) based its ruling on an

2

erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011) (internal citation and quotation marks omitted). "Under abuse of discretion review, the factual findings and legal conclusions underlying the district court's decision are evaluated under the clearly erroneous and *de novo* standards, respectively." *Id.* (internal quotation marks omitted).

"In order to justify a preliminary injunction, a movant must demonstrate (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiffs favor; and (3) that the public's interest weighs in favor of granting an injunction." *Metro. Taxicab Bd. of Trade v. City of N.Y.,* 615 F.3d 152, 156 (2d Cir. 2010) (internal citation and quotation marks omitted). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.,* 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor,* 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted).

Under New York law, a restrictive covenant is "rigorously examined" and only enforced if it is "reasonable[] . . . in terms of its time, space or scope" and not "oppressive[] [in] its operation." *Am. Inst. Chem. Eng'rs v. Reber-Friel Co.*, 682 F.2d 382, 387 (2d Cir. 1982)

3

(internal quotation marks omitted); *see also, e.g.*, *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 69 (2d Cir. 1999) (finding in the employment contracting context that "[t]he issue of whether a restrictive covenant not to compete is enforceable by way of an injunction depends in the first place upon whether the covenant is reasonable in time and geographic area" weighing "the need to protect the employer's legitimate business interests against the employee's concern regarding the possible loss of livelihood"); *Pantone, Inc. v. Esselte Letraset, Ltd.*, 878 F.2d 601, 608 n.2 (2d Cir. 1989) ("Under New York law, if there is a transfer of good will, an accompanying covenant not to compete is valid unless it is more restrictive than is reasonably necessary." (internal quotation marks omitted)). "Generally, when a party violates a [reasonable] non-compete clause, the resulting loss of client relationships and customer good will built up over the years constitutes irreparable harm" for purposes of imposing a preliminary injunction. *Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc.,* 323 F. Supp. 2d 525, 532 (S.D.N.Y. 2004) (citing cases); *see also Ticor Title*, 173 F.3d at 69 (It is "very difficult to calculate monetary damages that would successfully redress the loss of a relationship with a client."). However, this Court has rejected the proposition "that irreparable harm must inevitably be assumed in breach of covenant cases." *Baker's Aid, Inc. v. Hussmann Foodservice Co.*, 830 F.2d 13, 15 (2d Cir. 1987). "Though courts often issue preliminary injunctions when it appears likely that the plaintiff will prevail in covenant-not-to-compete cases, this is not an automatic process, but instead depends upon the factual particulars in each case." *Id.*

Here, defendants' principal argument on appeal is that the ten-mile geographic scope of the Franchise Agreement's post-termination non-compete clause is unreasonably broad because "[p]izza restaurants are inherently local." Appellant's Br. 11. For substantially the same reasons expressed in the district court's well-reasoned Memorandum Opinion and Order, we disagree.

4

*See Singas Famous Pizza Brands Corp. v. N.Y. Adver. LLC*, 10 Civ. 8976, 2011 WL 497978

(S.D.N.Y. Feb. 10, 2011). As an initial matter, defendants expressly agreed in the Franchise

Agreement that the ten-mile geographic restriction was "fair and reasonable," that the restriction

was "reasonable and necessary for the protection of the proprietary interest of [Singas]," and that

"violation of [the restriction] would cause substantial and irreparable injury to [Singas]." J.A.

76-77. We have previously held that a defendant's agreement to such contractual provisions

"might arguably be viewed as an admission . . . that plaintiff will suffer irreparable harm were

[defendant] to breach the contract's non-compete provision." *Ticor Title*, 173 F.3d at 69.

More fundamentally, we conclude that, in the circumstances of this case, the non-

complete clause's ten-mile geographic restriction is reasonable. There are nine Singas Famous

Pizza restaurants within ten miles of the Avenue C Restaurant, several of which are clustered

within a few miles of the Jackson Heights Restaurant. Moreover, the original Singas Famous

Pizza restaurant -- referred to by both parties in their briefs on appeal as Singas's "flagship"

restaurant -- is located less than a mile away from the Jackson Heights Restaurant.

Further, defendants seek to characterize Singas's legitimate business interest in enforcing the

restrictive covenant as limited to protecting its ability to install another franchise in the

neighborhood surrounding the Avenue C Restaurant. However, courts applying New York law

have recognized that restrictive covenants in franchise agreements are also necessary to

neutralize the "danger that former franchisees will use the knowledge they have gained from the

franchisor to serve its former customers, and that continued operation under a different name

may confuse customers and thereby damage the good will of the franchisor." *ServiceMaster*

*Residential/Commercial Servs., L.P. v Westchester Cleaning Servs., Inc.*, 01-CV-2229, 2001 WL

396520, at *3 (S.D.N.Y. Apr. 19, 2001). In the circumstances presented here, the danger posed

5

to Singas's institutional know-how, reputation, and goodwill by the defendants' continued operation of the Jackson Heights Restaurant is readily apparent.  As the first paragraph of Franchise Agreement states, "[Singas] has developed a distinctive system for the operation of an Italian pizza [restaurant] . . . and has developed good will and recognition with the public . . . with regard to certain [items of intellectual property] including the tradename 'Singas.'"  J.A. 58.  Moreover, as conceded by defendants on appeal, the Jackson Heights Restaurant not only used a menu that was "virtually identical" to that used at Singas Famous Pizza franchises, but also adopted certain distinctive practices associated with Singas Famous Pizza restaurants, employed at least some of the same personnel as the terminated Avenue C Singas Franchise, and used certain custom-made equipment taken from the Avenue C Restaurant.  *Singas Famous Pizza*, 2011 WL 497978, at *4.  This is precisely the situation non-compete provisions in franchise agreements are designed to protect against.  Accordingly, in analogous cases, courts applying New York law have not hesitated in enforcing comparable geographic restrictions in a franchise agreement's post-termination non-compete provision.  *See, e.g.*, *Carvel Corp. v. Eisenberg*, 692 F. Supp. 182, 186 (S.D.N.Y. 1988) (upholding provision "limiting the [former franchisee's] ability to operate an ice cream store within two miles of their present location for three years"); *Carvel Corp. v. Rait*, 117 A.D. 2d 485, 487 (N.Y. App. Div. 2d Dep't 1986) (same); *DAR & Assocs., Inc. v. Uniforce Servs., Inc.*, 37 F. Supp. 2d 192, 199 (E.D.N.Y. 1999) (upholding provision restricting former licensee, a professional staffing business, from competing within fifty miles of former place of business for one year); *TKO Fleet Enters., Inc. v. Elite Limousine Plus, Inc.*, 708 N.Y.S.2d 593, 596 (N.Y. Sup. Ct. 2000) (upholding provision restricting former limousine franchisee from competing within fifty miles of Times Square for one year); *cf. Maxon v. Franklin Traffic Serv., Inc.*, 261 A.D. 2d 830, 832 (N.Y. App. Div. 4th Dep't 1999) (striking

6

down as unreasonable a provision restricting former franchisee, a shipping company, from competing within 300 miles for five years).

Accordingly, we conclude that the ten mile geographic restriction in the Franchise Agreement is reasonably calculated towards furthering Singas's legitimate interests in protecting its "knowledge and reputation" as well as its "customer good will." *See Johnson*, 323 F. Supp. 2d at 532, 536. Moreover, for the reasons described, we conclude that the district court correctly determined that, in the circumstances of this case, Singas would suffer irreparable harm if defendants were allowed to continue operating the Jackson Heights Restaurant as an Italian pizza restaurant, in violation of the Franchise Agreement's restrictive covenant.

We have considered defendants' other arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK