■ NETTIE M. JONES, Appellant, v HENRY GELLES, Respondent, et al., Defendant. (And a Third-Party Action.)—Mahoney, P. J. Appeal from that part of an order and judgment of the Supreme Court at Special Term (Walsh, Jr., J.), entered November 12, 1985 in Essex County, which, inter alia, granted the motion of defendant Henry Gelles for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover on a promissory note executed by defendant Edwin H. Weibrecht, Jr., and a personal guarantee of that note executed by defendant Henry Gelles. The amount outstanding was $533,000. The action as against Weibrecht was dismissed by virtue of a settlement and he is not a participant on this appeal.

The instruments being sued upon arose out of the July 15, 1977 sale by plaintiff of the stock of Culspar, Inc., a corporation which owns and operates a marina in the Village of Lake Placid, Essex County, to Weibrecht. The note called for principal and interest totaling $555,000. At the same time, Gelles executed an unconditional personal guarantee of payment on the note. Pursuant to the agreement, the stock certificates of Culspar were to be held in escrow until full payment was made. Under the terms of the note, if Weibrecht defaulted, his sole obligation was to return the stock certificates to plaintiff. Gelles was personally obligated to pay the balance of the note within six months of receiving notice of default.

Weibrecht had difficulty making timely payments from the start, but apparently was able to satisfy plaintiff until March 1980, after which time he was in default. In August 1981, plaintiff gave notice of acceleration demanding full payment to Weibrecht and Gelles. No further payments were made, and this action was commenced in November 1981.

At this time, Weibrecht was also having problems with the Internal Revenue Service and local taxing authorities. During the summer of 1983, Weibrecht, plaintiff and other interested parties discussed a sale of the marina. Gelles declined to participate, claiming that any new arrangement would discharge him from liability on his guarantee. In August 1983, a series of agreements was negotiated whereby (1) Weibrecht returned the shares of Culspar to plaintiff and plaintiff agreed not to pursue any claim arising from the 1977 sale of the stock; (2) plaintiff agreed to indemnify Weibrecht for any damages and legal fees he may have to pay regarding a claim by anyone else on the 1977 sale, and (3) those with interests in Culspar sold the marina to new purchasers. As a result of the latter agreement, all of Culspar's debts and taxes were paid.

In May 1985, Gelles moved for summary judgment dismissing the complaint; plaintiff cross-moved for summary judgment dismissing certain counterclaims and affirmative defenses. Special Term granted the motion by Gelles and dismissed the complaint, and denied plaintiff's cross motion except for dismissing the fraud claim with leave to replead. Plaintiff appeals.

Since there exist triable issues of fact regarding whether the series of agreements in 1983 effected a discharge of the surety, summary judgment was inappropriate. A creditor's release of the principal on a promissory note generally acts to discharge the guarantor as a matter of law, while a simple covenant not to sue would not (see, 57 NY Jur, Suretyship and Guaranty, § 203, at 538-541 [1967]). Further, alteration of the principal's contractual obligation releases the surety (see, Becker v Faber, 280 NY 146). In the instant case, it is not clear whether the 1983 agreement between plaintiff and Weibrecht was a release or a covenant not to sue. Also, it is not clear whether the contractual obligation of Weibrecht to plaintiff was altered since, even under the original promissory note, Weibrecht was not personally liable upon default, but simply would have to return the stock certificates to plaintiff. Thus, summary judgment on this issue was not appropriate.

Turning to plaintiff's cross motion, the amended answer sets forth four counterclaims, each of which is also set forth as an affirmative defense. The first counterclaim alleges a conspiracy between Weibrecht and plaintiff to injure Gelles. There is no substantive tort of conspiracy in and of itself (Raymond Corp. v Coopers & Lybrand, 105 AD2d 926). There must first be pleaded specific wrongful acts which might constitute an independent tort (id.). Here, Gelles simply alleged that plain-

tiff contracted with Weibrecht to take back the Culspar stock for the purpose of injuring Gelles. Gelles fails to set forth any wrongful act to support his claim of conspiracy. Therefore, both the counterclaim and the affirmative defense alleging conspiracy must be dismissed.

The second counterclaim accuses plaintiff of common-law fraud. Special Term properly dismissed the claim since the allegations are conclusory and lacking in specificity. Further, based on the circumstances herein, Special Term was correct in granting leave to replead. We also reject plaintiff's contention that the fraud claim is time barred. The original answer, served in January 1982, gave plaintiff sufficient notice that Gelles would seek to prove fraud. Accordingly, the fraud counterclaim in the amended answer relates back to the original answer (see, CPLR 203 [e]).

The third counterclaim charges fraud in violation of Federal securities laws. Since a claim under Securities Exchange Act § 10 (b) (15 USC § 78j) is within the exclusive jurisdiction of the Federal courts (15 USC § 78aa; see, Cramer v General Tel. & Electronics Corp., 582 F2d 259, cert denied 439 US 1129), this counterclaim must be dismissed. However, insofar as the claim of securities fraud forms the basis for the 12th affirmative defense, it should not be dismissed. Gelles alleges that he and Weibrecht were partners in the purchase of securities. Weibrecht's denial of the allegation creates a triable issue of fact on this issue.

Finally, we agree with plaintiff that the fourth counterclaim and 13th affirmative defense fail to state cognizable claims and must be dismissed.

Order and judgment modified, on the law, without costs, by reversing so much thereof as granted defendant Henry Gelles' motion for summary judgment and denied plaintiff's cross motion to dismiss the first, third and fourth counterclaims and the 10th and 13th affirmative defenses; said counterclaims and affirmative defenses dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.