■ COLEMAN, GRASSO AND ZASADA APPRAISALS, INC., Respondent-Appellant, v KENNETH S. COLEMAN, Appellant-Respondent. [667 NYS2d 828] —Mikoll, J. P. (1) Cross appeals from an order of the Supreme Court (Lynch, J.), entered December 5, 1996 in Schenectady County, which, *inter alia*, granted defendant's motion to serve an amended answer, and (2) appeal from an order of said court, entered April 23, 1997 in Schenectady County, which denied defendant's motion for reargument.

The matter before us deals with the "relation back doctrine" (*see*, CPLR 203 [d], [f]) as it applies to the instant litigation. Plaintiff sued defendant for violation of a noncompetition clause contained in a contract executed by the parties on May 8, 1985 under which defendant sold his common shares of stock in plaintiff to plaintiff for $127,521 and in return executed a noncompetition clause. Defendant interposed a general denial and affirmative defenses to the complaint.

In 1996, defendant moved for an order compelling examinations before trial of plaintiff and for leave to amend his answer to assert counterclaims based on plaintiff's failure to pay defendant the amounts due him pursuant to the contract. Plaintiff filed a cross motion to compel compliance with its discovery demands.

Supreme Court found plaintiff's cross motion moot due to defendant's discovery responses. The court held that defendant's counterclaims, interposed almost 10 years after the action was commenced, were barred by the six-year Statute of Limitations applicable to contracts. The court granted defendant's motion for leave to amend pursuant to CPLR 3025 (b) limiting defendant's recovery to an offset against any damages recovered by plaintiff and otherwise disallowed defendant's counterclaim. Supreme Court dismissed defendant's motion to compel examinations before trial and awarded plaintiff $100

costs for defendant's delay in amending his answer. Defendant's subsequent motion for reargument was denied with costs to plaintiff of $50. Defendant appeals from both orders and plaintiff cross-appeals from the first order.

In dealing with a counterclaim asserted for the first time in an amended pleading, neither CPLR 203 (d) nor (f) clearly applies. The former applies to counterclaims but does not mention amended pleadings. The latter meanwhile applies to amended pleadings but does not mention counterclaims.

If CPLR 203 (f) is to be the basis for allowing defendant's counterclaim, defendant must overcome the requirement of notice. In the original answer defendant did not allege any conduct by plaintiff that would constitute a breach and did not otherwise put plaintiff on notice that defendant had a claim against plaintiff. Plaintiff asserted, on the other hand, that it performed all its obligations under the agreement. Under similar circumstances, it was held that a counterclaim could not relate back under the amended pleading provision where defendant's answer contained only general denials (*see, Bernstein v Spatola*, 122 AD2d 97, 100). We conclude, in accordance with legal precedent expressed in *Shapiro v Schoninger* (122 AD2d 38, 40), that "the pleadings themselves must give the requisite notice". Defendant's original answer thus bars relation back of the counterclaim under CPLR 203 (f).

We also conclude under the authority of *Jones v Gelles* (125 AD2d 794) that CPLR 203 (d) does not apply to counterclaims asserted in an amended answer. We thus conclude that Supreme Court erred in permitting defendant to amend his answer under CPLR 203 (d).

Inasmuch as defendant moved to interpose counterclaims in an amended answer nine years after the original answer, the award of costs by Supreme Court was not an abuse of discretion. We conclude likewise as to the court's denial of defendant's motion to compel examinations.

Finally, defendant's appeal of its motion to reargue is nonappealable (*see, Menio v Akzo Salt*, 217 AD2d 334, 336, n 1).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order entered December 5, 1996 is modified, on the law, without costs, by reversing so much thereof as partially granted defendant's motion for leave to serve an amended answer; said motion denied to that extent; and, as so modified, affirmed. Ordered that the appeal from the order entered April 23, 1997 is dismissed, without costs.