■ Darby & Darby, P. C., Appellant-Respondent, v VSI International, Inc., et al., Respondents-Appellants. [701 NYS2d 50] —Orders, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about September 1, 1998 and on or about March 23, 1999, which, in an action to recover a legal fee, *inter alia*, denied plaintiff law firm's motion for summary

judgment on its cause of action for an account stated, denied such motion insofar as it sought dismissal of defendant clients' counterclaims for malpractice alleging a failure to advise about the possibility of certain insurance coverage, and granted such motion insofar as it sought dismissal of defendants' counterclaim for malpractice alleging a failure to advise about the potential liability and costs associated with the use of certain products, unanimously modified, on the law, so as to grant those branches of plaintiff's motion seeking dismissal of the counterclaim for malpractice based upon the alleged failure to advise about the possibility of insurance coverage, and summary judgment on its cause of action for an account stated and, as so modified, affirmed, without costs.

The branch of plaintiff's motion challenging defendants' counterclaims alleging attorney malpractice and breach of fiduciary duty was brought pursuant to CPLR 3211. Accordingly, in addressing that application, the court will accept as true the allegations of the counterclaim, and consider whether they state a cause of action upon which relief may be granted.

These counterclaims allege that defendants retained plaintiff law firm to provide legal services in connection with defending them in an intellectual property infringement matter brought against defendant VSI International by Al-Site Corporation. It is asserted, in essence, that plaintiff committed both malpractice and a breach of its fiduciary duty, by failing to either inquire into defendants' insurance coverage, or to inform defendants of the possibility that their comprehensive general liability insurance coverage might cover the intellectual property infringement claim brought against them.

We conclude that the allegations contained in the defendants' answer are insufficient to support findings of either professional malpractice or breach of fiduciary duty. In the absence of a factual assertion that the scope of the task for which counsel was retained specifically included inquiry into the nature and extent of its insurance coverage and whether it was applicable to the claim, the retention of counsel for the defense of such an action simply does not include any responsibility for assisting the client in determining whether sources exist from which to pay for that defense and any ultimate liability finding.

There may be particular circumstances, such as personal injury actions arising out of automobile collisions, in which an attorney who is retained to defend an action has an obligation to bring to the client's attention the possible existence of an insurance policy applicable to the claim (*see, Campagnola v Mul-*

*holland, Minion & Roe*, 148 AD2d 155, *affd* 76 NY2d 38). However, we find no support for the proposition that an attorney who was retained to defend a business client in intellectual property litigation has a duty to inquire into the existence, nature and scope of insurance policies previously procured by the client, and to determine whether any such policy provides the client with any entitlement in relation to the claim being litigated.

Nor does a lawyer's duty to advise his client as to all available causes of action or avenues of defense (*see, Greenwich v Markhoff*, 234 AD2d 112) translate into a broad duty to inquire into all the client's insurance coverage.

Defendants can point to no case in which a claim of attorney malpractice has been sustained based upon an alleged failure to advise a client to make a claim under an insurance policy, when the attorney was neither provided with the policy nor asked for advice as to the scope of its coverage. The one case in which such a claim was made, relied upon by the IAS court, *Jordache Enters. v Brobeck, Phleger & Harrison* (56 Cal Rptr 2d 661, *revd* 18 Cal 4th 739, 958 P2d 1062), provides no support for imposition of the proposed duty upon counsel. The court's dismissal of the malpractice claim there was based upon Statute of Limitations grounds, so the most that can accurately be said about the case is that the court implicitly assumed the viability of such a claim; there is no indication that its merits were challenged and considered. The existence of this one case simply does not justify imposing upon an attorney in these circumstances the professional duty suggested by defendants.

Nor do we perceive any other justification in law for imposition of such a duty. It was defendants themselves who procured the general liability insurance policy, and they were chargeable with the knowledge of whether that insurance covered the pending litigation (*cf., Hartford Fire Ins. Co. v Baseball Off. of Commr.*, 236 AD2d 334, *lv denied* 90 NY2d 803; *Halstead Oil Co. v Northern Ins. Co.*, 178 AD2d 932, 933).

The existence of cases from various jurisdictions around the nation holding, in the context of declaratory judgment actions against insurers, that general commercial liability insurance policies may cover certain claims of intellectual property infringement, does not warrant a different result. The vast majority of that case law developed after the period of plaintiff's representation of defendants; prior to that time, there were only a few decisions on the topic, they did not apply a uniform line of reasoning, and, given the jurisdictions in which they arose, there was no reason to suppose they were controlling over the claim against defendants.

The IAS Court found it germane that successor counsel immediately pursued the question of insurance coverage with successful results. However, this Court will not impose an obligation upon a law firm not otherwise imposed by law, based upon the tasks performed by successor counsel.

However, we agree with the IAS Court to the extent that, upon reargument, it dismissed as time-barred the counterclaim for malpractice first asserted in a motion for leave to serve an amended answer. That counterclaim's allegation that defendants retained plaintiff prior to the Al-Site action, for general patent and trademark advice regarding the use of the hanger tags, concerns conduct prior to, separate and different from the retainer alleged in defendants' original answer to defend the trademark litigation. Therefore, it is not saved by CPLR 203 (f).

Finally, plaintiff is entitled to summary judgment on its cause of action for an account stated. There is no indication that any protest was made to the regularly issued invoices, aside from the bare assertion of oral protest contained in the unsupported affidavit of defendant Olinsky, and the excuse offered for the absence of any written objection to the bills is similarly vague and conclusory (*see, Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp.*, 228 AD2d 294). Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ. [*See,* 178 Misc 2d 113.]