■ JOSEPH BARSUK, INC., Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent. (Appeal No. 1.) [722 NYS2d 192] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1980 the parties entered into a 10-year contract pursuant to which defendant was to sell its scrap metal exclusively to plaintiff. During the term of that contract, however, plaintiff became aware that defendant was selling scrap metal to other dealers. In 1991 plaintiff sued defendant for, *inter alia,* breach of contract. During discovery defendant learned that plaintiff's president, Joseph Barsuk, allegedly had made numerous secret payments to some of defendant's employees who dealt with plaintiff's contract. In 1997 defendant filed an amended answer that added 10 counterclaims and 11 defenses. Defendant moved for summary judgment dismissing the complaint, alleging that plaintiff had breached the implied covenant of good faith and fair dealing and was therefore precluded from any recovery. Plaintiff cross-moved for partial summary judgment dismissing the fourth counterclaim, alleging breach of contract, and for judgment in its favor on its cause of action for breach of contract. Supreme Court granted defendant's motion and denied plaintiff's cross motion (appeal No. 1). Thereafter, defendant moved for partial summary judgment on the fourth counterclaim, and plaintiff cross-moved for summary judgment dismissing the counterclaims as time-barred. The court granted defendant's motion and denied plaintiff's cross motion (appeal No. 2).

We agree with plaintiff that the court erred in granting defendant's motions and in denying plaintiff's cross motion for summary judgment dismissing the counterclaims as time-barred. The counterclaims are time-barred pursuant to CPLR 203 (f). The longest limitations period applicable to any of the counterclaims is six years, for breach of contract. The original answer was a general denial and the counterclaims were asserted in an amended answer served more than six years after the counterclaims accrued.

CPLR 203 (f) provides that a claim in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed "unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (*see, Darby & Darby v VSI Intl.,* 268

AD2d 270, 273, *affd* 95 NY2d 308). A counterclaim in an amended answer cannot "relate back under the amended pleading provision where defendant's answer contained only general denials" (*Coleman, Grasso & Zasada Appraisals v Coleman,* 246 AD2d 893, 894, *lv dismissed* 91 NY2d 1002, 94 NY2d 849; *see, Shapiro v Schoninger,* 122 AD2d 38, 39-40 [CPLR 203 (former [e]) is now CPLR 203 (f)]). Even actual notice is insufficient; the notice must be given in the prior pleading itself (*see, Maxon v Franklin Traffic Serv.,* 261 AD2d 830, 830-831; *Shapiro v Schoninger, supra,* at 40).

There is no merit to defendant's contention that plaintiff is equitably estopped from asserting the Statute of Limitations as an affirmative defense, based on plaintiff's concealment of the payments. A party may be estopped from asserting the Statute of Limitations where it induced the other party to refrain from filing a timely action by fraud, misrepresentation or deception (*see, Simcuski v Saeli,* 44 NY2d 442, 448-449). Here, however, there was no such fraud, misrepresentation, or deception, nor did the contract create a fiduciary relationship between the parties (*see, Gleason v Spota,* 194 AD2d 764, 765; *see also, Northeast Gen. Corp. v Wellington Adv.,* 82 NY2d 158, 162; *Bridgestone/Firestone, Inc. v Recovery Credit Servs.,* 98 F3d 13, 20).

We modify the order in appeal No. 1, therefore, by denying defendant's motion and reinstating the complaint, and we reverse the order in appeal No. 2, deny defendant's motion, grant plaintiff's cross motion and dismiss the counterclaims. (Appeal from Order of Supreme Court, Genesee County, Rath, Jr., J.— Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.