■ JOSEPH BARSUK, INC., Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent. (Appeal No. 2.) [722 NYS2d 456] —Order reversed on the law without costs, motion denied, cross motion granted and counterclaims dismissed. Same Memorandum as in *Joseph Barsuk, Inc. v Niagara Mohawk Power Corp.* (281 AD2d 875 [decided herewith]).

All concur except Kehoe, J., who dissents in part and votes to modify in the following Memorandum:

Kehoe, J. (dissenting in part). I respectfully dissent in part. I agree with the majority that Supreme Court erred in granting defendant's motion for partial summary judgment on the counterclaim for breach of contract. I disagree, however, with the majority that the counterclaims asserted in the amended answer are time-barred.

CPLR 203 (d) provides in relevant part that "[a] defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed." Here, the complaint was interposed in 1991. Plaintiff acknowledges that the counterclaims were not barred at that time but contends that they were barred by the time the amended answer was served six years later. That contention has no basis in the statute. CPLR 203 (d) contains no exceptions to its claim-saving language, which saves in their entirety any counterclaims that were not time-barred when plaintiff served the complaint. Consequently, there is no need to refer to CPLR 203 (f) to consider when the counterclaims are deemed to be interposed. That inquiry is irrelevant to claims saved by CPLR 203 (d). No relation-back as provided by CPLR 203 (f) is necessary to save defendant's counterclaims. The majority concludes that CPLR 203 (d) does not apply to counterclaims asserted in an amended answer, relying upon *Coleman, Grasso & Zasada Appraisals v Coleman* (246 AD2d 893, *lv dismissed* 91 NY2d 1002, 94 NY2d 849). However, the holding of *Coleman* rests specifically on the authority of *Jones v Gelles* (125 AD2d 794), a case involving the relation-back provisions of CPLR 203 (f) (then 203 [e]) and not the claim-saving provision of CPLR 203 (d). The majority fails to address the issue of when the Statute of Limitations runs on claims that would appear to be saved by CPLR 203 (d). In so doing, the majority focuses solely on the dates on which the counterclaims accrued. That approach ignores the provisions of CPLR 203 (d). In my view, CPLR 203 (d) saves defendant's counterclaims subject only to the limitations applicable to amendment of pleadings after expiration of the period for amendment as of right provided by CPLR 3025 (a). The long delay in asserting the counterclaims in the amended answer and any resulting prejudice to plaintiff are factors to be considered in connection with a motion to amend pursuant to CPLR 3025 (b). Where, as alleged here, the protracted delay in asserting counterclaims is caused by the fact that defendant did not know of the secret payments and was prevented from discovering those facts by plaintiff, a motion to amend made pursuant to CPLR 3025 (b) should be granted. (Appeal from Order of Supreme Court, Genesee County, Notaro, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.