■ COLEMAN, GRASSO AND ZASADA APPRAISALS, INC., Respondent, v KENNETH S. COLEMAN, Appellant. [722 NYS2d 306] —Mercure, J. P. Appeal from an order of the Supreme Court (Lynch, J.), entered September 23, 1999 in Schenectady County, which granted plaintiff's motion to discontinue the action.

Prior to May 8, 1985, defendant was a shareholder, director and officer of plaintiff. On that date, however, the parties contracted for plaintiff's redemption of all of defendant's shares for $127,521, to be paid and allocated as more particularly set forth in the parties' written agreement. The agreement also provided that defendant was not to deal with any present client of plaintiff or be associated in any manner with any real

estate sales or appraisal business within Albany, Rensselaer, Schenectady and Saratoga Counties or affecting properties within said counties for a period of five years following the date of the contract or until the purchase price is paid in full, whichever last occurs.

In June 1987, plaintiff commenced this action to, *inter alia*, recover damages for defendant's alleged breach of the noncompetition clause. Defendant's answer asserted only general denials and affirmative defenses alleging the failure to state a cause of action. In 1996, defendant moved for an order compelling examinations before trial of plaintiff and for leave to amend the answer to assert a counterclaim based on plaintiff's failure to pay him the amounts due for his shares of the corporation. Supreme Court granted the motion for leave to amend his answer but limited defendant's recovery on the newly asserted counterclaim to an offset against any damages recovered by plaintiff. On appeal, however, we reversed that portion of Supreme Court's order and denied the motion upon the ground that defendant's original answer bars relation back of the counterclaim under CPLR 203 (f) (246 AD2d 893, 894, *lvs dismissed* 91 NY2d 1002, 94 NY2d 849). Defendant's subsequent motion for leave to appeal to the Court of Appeals was dismissed in May 1998 upon the ground that the order sought to be appealed does not finally determine the action within the meaning of the Constitution.

In May 1999, plaintiff moved to voluntarily discontinue the action pursuant to CPLR 3217 upon the ground that the passage of time and consequential loss of witnesses and documentary evidence made it impossible for plaintiff to establish its case. Alleging prejudice because the action had been pending for approximately 12 years, during which period "plaintiff has compelled all parties to expend an enormous amount of time, expense and energy by all concerned, without ever having any real interest in prosecuting the matter," defendant opposed the motion. Supreme Court granted the motion and defendant now appeals.

We affirm. Because defendant does not have any substantial rights that would be prejudiced thereby, plaintiff has a right to discontinue the pending action. Of course, because our prior order deprived defendant of his right to assert a counterclaim (246 AD2d 893, 894, *supra*), the order currently under review can have no prejudicial effect on any such right. Further, defendant has not shown any of the special circumstances that would warrant imposing conditions on the order granting the discontinuance. Defendant's additional contentions have been considered and found to be unavailing.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.