■ UNITED STATES OF AMERICA, Respondent, v JAMES S. LYONS et al., Defendants, and ELENA M. LYONS, Appellant. [740 NYS2d 145] —Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered June 25, 2001 in Ulster County, which granted plaintiff's motion to appoint a Referee in an action to foreclose mortgages on real property.

To provide financing for a family-owned farm corporation, plaintiff loaned funds through the Farmers Home Administration to defendant James S. Lyons (hereinafter Lyons) and his then wife, defendant Elena M. Lyons (hereinafter defendant). This loan was secured by a promissory note and purchase-money mortgage on farmlands that were contemporaneously transferred to Lyons and defendant by the corporation. Lyons and defendant then separated and divorced. In 1986, when Lyons defaulted in repayment, plaintiff accelerated the debt

but did not commence this foreclosure action until nine years later in 1995. When plaintiff then moved for summary judgment and the appointment of a Referee to compute, Supreme Court issued an order of reference. Although defendant prematurely appealed from the order of reference, this Court will deem defendant's appeal to be from the judgment entered November 5, 2001 (*see,* CPLR 5520 [c]; *Federal Deposit Ins. Corp. v 65 Lenox Rd. Owners Corp.,* 270 AD2d 303, 303; *Alaska Seaboard Partners v Anninos,* 259 AD2d 572, 572).*

Initially, we must reject defendant's contention that this action is barred by the six-year federal statute of limitations governing actions for money damages imposed by 28 USC § 2415 (a). There will be no money damages here because plaintiff has agreed not to pursue a deficiency judgment against defendant, and an action to foreclose a mortgage is not subject to 28 USC § 2415 (a) (*see, Cracco v Cox,* 66 AD2d 447, 449). We are also unpersuaded by defendant's argument that New York's six-year statute of limitations governing foreclosure should be held to bar this action (*see,* CPLR 213 [4]). The Federal Government is not subject to state statutes of limitation (*see, e.g., United States v Summerlin,* 310 US 414, 416; *Matter of Feinberg,* 18 NY2d 499, 504), and defendant's citation to *Farmers Home Admin. v Muirhead* (42 F3d 964, *cert denied* 516 US 806) is unavailing. In that case, despite expressions of concern that the law should be otherwise, the Fifth Circuit Court of Appeals nonetheless held that the Federal Government is not subject to state limitations periods (*see, id.* at 965-968). Similarly, the Federal Government is not subject to the defense of laches (*see, e.g., United States v Summerlin, supra* at 416; *United States v 93 Ct. Corp.,* 350 F2d 386, 388, *cert denied* 382 US 984; *Matter of Feinberg, supra* at 504).

We also reject defendant's contention that plaintiff violated the Equal Credit Opportunity Act (15 USC § 1691 *et seq.*) (hereinafter ECOA) by requiring that she sign the instruments being enforced here. An ECOA violation raised defensively "does not render the offending instrument void" and is limited to shielding the spouse from personal liability on the debt (*Integra Bank / Pittsburgh v Freeman,* 839 F Supp 326, 329; *see, National*

---

* During the pendency of this appeal, Lyons filed a chapter 11 bankruptcy petition, which triggered the automatic stay of all judicial proceedings against him (*see,* 11 USC § 362 [a] [1], [3]). As it is well settled that the automatic stay does not apply to nonbankrupt codefendants or coobligors (*see, Teachers Ins. & Annuity Assn. of Am. v Butler,* 803 F2d 61, 65; *Torre v Fay's Inc.,* 259 AD2d 896, 897; *Hudgins v Life Sav. Bank,* 153 BR 441, 444), we conclude that the stay here does not affect defendant's appeal (*see, Beltrone v General Schuyler & Co.,* 229 AD2d 857, 858).

*Collectors & Liquidators L.P. v Millco of Danbury*, 2001 WL 1004257, 2001 Conn Super LEXIS 2254 [Aug. 1, 2001]). As plaintiff has made clear that it will not pursue a deficiency judgment against her, defendant's claim of an ECOA violation is moot.

Defendant's remaining arguments have been examined and found to be equally unavailing.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.