**AMERICAN STOCK EXCHANGE, LLC, Plaintiff,**

v.

**MOPEX, INC., Defendant.**

No. 00 Civ. 5943 (SAS).

United States District Court, S.D. New York.

June 11, 2002.

Stuart I. Friedman, Andrew A. Wittenstein, Paul S. Grossman, Friedman, Wittenstein & Hochman, A Professional Corporation, New York City, William K. West, Howrey, Simon, Arnold & White, John J. Flood, National Association of Securities Dealers, Inc., Washington, D.C., for Plaintiff.

Bradford P. Lyerla, Stephen R. Auten, Wallenstein & Wagner, Ltd., James R. Figliulo, Jeff D. Harris, James H. Bowhay, Michael K. Desmond, Figliulo & Silveran, P.C., Chicago, IL, Adam Landa, Greenburg Traurig, LLP, New York City, for Defendant.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

### I. INTRODUCTION

Mopex, Inc. ("Mopex") owns patents (the "Patents") for certain business methods relating to a type of investment vehicle called "Exchange Traded Funds" ("ETFs"). The American Stock Exchange ("Amex") filed this action on August 10, 2000, seeking a declaration that Mopex's Patents are invalid and not infringed by Amex's activities with respect to certain of its own ETFs (the "New York Patent Action"). On September 14, 2000, Mopex filed an answer and asserted one counterclaim which alleged that Amex was infringing one of the Patents. On June 22, 2001, Mopex and Realtimemutualfunds.com ("RTMF") filed an action in Illinois state court alleging that Amex and others misappropriated Mopex's trade secrets and incorporated them into certain ETFs (the "Illinois Trade Secret Action"). *See Mopex, Inc. v. American Stock Exchange, LLC*, No. 02 Civ. 1656, 2002 WL 342522, at *1 (S.D.N.Y. Mar. 5, 2002) (*"Mopex I"*). That action was removed to the Illinois federal court and the claims against Amex were transferred to this Court. On March 5, 2002, this Court dismissed all claims against Amex in the Illinois Trade Secret Action. *See id.* at *12; *Mopex, Inc. v. American Stock Exchange, LLC*, No. 02 Civ. 1656, 2002 WL 523417, at *8 (S.D.N.Y. Apr.5, 2002) (*"Mopex II"*)(reaffirming decision in *Mopex I* with respect to defendant Amex).

Mopex now moves for leave to file its first amended counterclaim in order to:

(A) Allege claims that are substantially similar to the claims that were dismissed by this Court in *Mopex I* and *Mopex II*, including claims for misappropriation and theft of trade secrets, unfair competition, con-

structive fraud, fraud, breach of contract, negligent misrepresentation and unfair competition (the "trade secret claims");

(B) Request that Amex's pending patent applications be placed in a constructive trust; and

(C) Add RTMF as an additional party to this action.

For the reasons stated below, Mopex's motion is denied in part, and contingently denied in part.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave should be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28 (2d Cir.1995). The decision whether to grant leave to amend is within the sound discretion of the court. *See Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Rush v. Artuz*, No. 00 Civ. 3436, 2001 WL 1313465, at *5 (S.D.N.Y. Oct.26, 2001). However, leave should only be denied for reasons such as undue delay on the part of the moving party, bad faith, repeated failure to cure deficiencies in pleading, undue prejudice or futility of the amendment. *See Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987).

## III. DISCUSSION

### A. Request to Add the Trade Secret Claims

■ Amex argues that Mopex should not be permitted to amend its counterclaim to add the trade secret claims because those claims are time-barred and the amendment would therefore be futile. *See* The Amex's Memorandum of Law in Op-

position to Mopex's Motion for Leave to File its First Amended Counterclaim ("Pl. Opp.") at 8–10. Mopex has admitted that the trade secret claims were time-barred in New York at the time it served its original answer. *See Mopex I* at *6. It asserts, however, that these claims may be interposed as counterclaims pursuant to N.Y. C.P.L.R. § 203(d) ("Section 203(d)"). *See* Memorandum of Law in Support of Mopex'[s] Motion for Leave to File its First Amended Counterclaim ("Def.Mem.") at 8.

■ In *Mopex I* I explained that, under Section 203(d), counterclaims that would otherwise be time-barred at the time the complaint is filed may be asserted as claims for equitable recoupment if they " 'arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends'." *Id.* at *7 (quoting Section 203(d)). Accordingly, I concluded that "Mopex could have asserted its [trade secret] claims against [Amex] as counterclaims in the [New York] Patent Action, regardless of whether the statute of limitations had run" when that action commenced. *Id.* at *8; *see also Mopex II* at *2. At this stage of the litigation, however, Section 203(d) is unavailing because it "does not apply to counterclaims asserted in an amended answer." *Coleman & Zasada Appraisals Inc. v. Coleman*, 246 A.D.2d 893, 667 N.Y.S.2d 828, 829 (3d Dep't 1998); *see also Joseph Barsuk, Inc. v. Niagara Mohawk Power Corp.*, 281 A.D.2d 876, 722 N.Y.S.2d 456, 457 (4th Dep't 2001)(mem.)(Kehoe, J., dissenting) (acknowledging that the majority had determined that Section 203(d) does not apply to counterclaims asserted in an amended answer); 75A N.Y. Jur.2d, Limitations and Laches, § 312 (2000) ("[Section 203(d)] does not apply to a counterclaim

asserted for the first time in an amended pleading").[1]

Mopex could have asserted its trade secret claims pursuant to Section 203(d) on September 14, 2000, at the time of its original answer and counterclaim, even if those claims were otherwise time-barred. *See Mopex I* at *8; *Mopex II* at *2. When it chose not to do so, it gave up the claim-saving benefits of Section 203(d). *See Coleman & Zasada Appraisals*, 667 N.Y.S.2d at 829; *Joseph Barsuk, Inc.*, 722 N.Y.S.2d at 457; 75A N.Y. Jur.2d, Limitations and Laches, § 312 (2000). Therefore, Mopex's motion to amend its answer is now governed by N.Y. C.P.L.R. § 203(f), under which a claim in an amended pleading relates back to the date of the pleading that is being amended. *See Joseph Barsuk, Inc. v. Niagara Mohawk Power Corp.*, 281 A.D.2d 875, 722 N.Y.S.2d 192 (4th Dep't 2001)(mem.). Because Mopex has conceded that its trade secret claims were time-barred when it served its original answer, these claims cannot be saved by the "relate back" provision of Section 203(f). Accordingly, Mopex's motion to amend is denied on the grounds of futility. *See In re Independent Energy Holdings PLC Sec. Litig.*, 154 F.Supp.2d 741, 773

(S.D.N.Y.2001) (holding that parties "need not be granted leave to amend where amendment would be futile").

### B. Request to Seek a Constructive Trust

■ Mopex seeks leave to amend its pleading to request that Amex's pending patent applications be placed in a constructive trust. *See* Def. Mem. at 9. Amex argues that the request should be denied "because it is entirely derivative of Mopex's time-barred trade secret claims" and "should fall along with these defective trade secret claims." Pl. Opp. at 19. In response, Mopex insists that its constructive trust claim is not time-barred because this remedy is sought "in connection with a misappropriation that occurred in 1994 and was not discovered until the Amex['s] patent application was published by the U.S. Patent and Trademark Office on September 27, 2001." Def. Repl. at 5.

■ Mopex apparently believes that the statute of limitations began to run upon discovery of the misappropriation. However, under New York law, the statute of limitations for an action to impose a constructive trust is six years, and "begins to

---

1. Mopex urges this Court to ignore the case law cited above and to hold that Section 203(d) *does* apply to amended pleadings. *See* Mopex, Inc.'s Reply Brief in Support of Motion for Leave to File First Amended Counterclaim ("Def.Repl.") at 3–4. In doing so, it relies on Judge Kehoe's dissent in *Joseph Barsuk, Inc.*, which criticized the holding in *Coleman* as having "no basis in the statute." *Id.*, 722 N.Y.S.2d at 457 (Kehoe, J., dissenting). As Judge Kehoe correctly noted, the text of Section 203(d) "contains no exceptions to its claim saving language." *Id.* What he failed to mention, however, is that Section 203(d) also lacks any reference to amended pleadings. *See* N.Y. C.P.L.R. § 302(d); *compare* N.Y. C.P.L.R. § 203(f) (explicitly addressing the statute of limitations for amended pleadings). Moreover, Judge Kehoe does not acknowledge that the statute itself implies that a de-

fendant's opportunity to assert otherwise time-barred claims should not be limitless. Section 203(d) permits a defendant to assert all claims it had against the plaintiff that were still timely when plaintiff commenced the action. *See Mopex I* at *7. If such claims were time-barred at the commencement of the action, however, defendant's remedy is limited to equitable recoupment. *See id.*

According to Mopex, a defendant should be permitted to let the statute of limitations run on its claims, to forego the opportunity to assert those claims in its answer, and then come back at any time in the future to assert the time-barred claims as counterclaims in an amended pleading. This broad interpretation of Section 203(d) is not mandated by the statutory language and, given the case law to the contrary, I decline to adopt it.

run upon [the] occurrence of [the] wrongful act giving rise to [a] duty of restitution." *Green v. Doukas,* No. 97 Civ. 8288, 2001 WL 767069, at *7 (S.D.N.Y. June 22, 2001); *see also Bausch & Lomb Inc. v. Alcon Laboratories, Inc.,* 64 F.Supp.2d 233, 251 (W.D.N.Y.1999) (applying this statute of limitations where plaintiff sought constructive trust as alternative to its counterclaims for misappropriation of trade secrets and unfair competition). Thus, the statute began to run in 1994, when the allegedly wrongful misappropriation occurred, and the action became time-barred in 2000. Because amending its pleading to assert this time-barred claim would be futile, *see supra* Part II.A., leave to amend is denied. *See In re Independent Energy Holdings PLC Sec. Litig.,* 154 F.Supp.2d at 773.

### C. Motion to Add RTMF as a Party

■ Mopex seeks leave to amend its answer in order to add RTMF as an additional counterclaim-plaintiff. *See* Def. Mem. at 8–9; Proposed First Amended Counterclaim, Ex. A to Def. Mem. ¶ 2. It is unclear, however, whether Mopex seeks only compulsory joinder under Rule 19(a), or whether it also seeks permissive (or voluntary) joinder under Rule 20 and/or interpleader under Rule 22. In the body of its Memorandum, Mopex insists that, as the "exclusive licensee" of the '685 Patent, "RTMF may be a necessary party" under Rule 19(a). Def. Mem. at 8–9 (citing Fed. R.Civ.P. 19(a)). While Mopex lists Rules 20 and 22 as applicable statutes at the outset of its Memorandum, it does not mention these rules anywhere in its argument. *See id.* at 5.

Amex has only responded to Mopex's argument under Rule 19(a). It contends that RTMF need not be joined because a "mere license[e]" is not considered a "nec-essary and/or indispensable party pursuant to Rule 19 in an action for patent infringement," and an "exclusive licensee" is only a necessary party if the licensee has been granted "*all* substantial rights under the patent." Pl. Opp. at 17 (citing cases).

Regardless of whether RTMF is a "necessary party," compulsory joinder pursuant to Rule 19(a) is inappropriate at this time because Mopex has not claimed that RTMF has refused to join voluntarily. *See International Rediscount Corp. v. Hartford Acc. & Indem. Co.,* 425 F.Supp. 669, 674–75 (D.Del.1977) (explaining that an "involuntary plaintiff" under Rule 19(a) is a party who "has been requested to join the suit voluntarily but refuses to do so"); *Babcock v. Maple Leaf, Inc.,* 424 F.Supp. 428, 431 (E.D.Tenn.1976) ("Before the Court can order a joinder of parties who should be additional plaintiffs in a lawsuit ... Rule 19(a) provides that such parties must first refuse to join voluntarily."). Indeed, the fact that RTMF and Mopex are companies comprised of the same two individuals, *see Mopex I* at *1, and the fact that they are represented by the same counsel, suggests that RTMF would in fact join in this lawsuit if given the opportunity to do so. Accordingly, RTMF may seek to intervene in this action as a counterclaim-plaintiff if it does so within two weeks of the date of this Order. If, at the end of that time, RTMF refuses to join in this action, Mopex may renew its motion to add RTMF as a counterclaim-plaintiff.[2]

### IV. CONCLUSION

For the foregoing reasons, Mopex's motion to amend its pleading in order to allege the trade secret claims and a claim for constructive trust is denied. Mopex's motion to amend its pleading to add

---

2. Because Mopex has not provided the Court with any reason for adding RTMF as a volun-tary party under Rule 20, the Court will not entertain such a motion at this time.

RMTF as a counterclaim-plaintiff is contingently denied at this time. RTMF is given two weeks in which it may seek intervention as a counterclaim-plaintiff under Rule 22 and, if RTMF fails to make such a request, Mopex may renew its motion to join RTMF as an compulsory counterclaim-plaintiff pursuant to Rule 19(a). A conference is scheduled for July 16, 2002 at 4:30 p.m.

SO ORDERED.