■ AUGUST BOHL CONTRACTING COMPANY, INC., Plaintiff, v L.A. SWYER COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant, and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant, and CORNING HOMES ASSOCIATES, LP, et al., Respondents, et al., Defendants. ANNE H. LINDGREN et al., Third-Party Defendants-Respondents. (And Another Third-Party Action.) [903 NYS2d 793]—

---

Malone Jr., J. Appeal from an order of the Supreme Court (Platkin, J.), entered June 30, 2009 in Albany County, which granted a motion by, among other parties, third-party defendants to dismiss, among other things, the third-party complaint.

Plaintiff commenced this action seeking to collect moneys allegedly owed to it for the construction of certain infrastructure in connection with a public housing project in the City of Albany. The complaint alleged breach of contract against defendant L.A. Swyer Company, Inc., sought payment under Swyer's labor and material payment bond issued by defendant St. Paul Fire and Marine Insurance Company, and sought to enforce plaintiff's mechanics' lien. Swyer and St. Paul (hereinafter collectively referred to as defendants) served an amended answer which, among other things, added a second cross claim, on behalf of themselves and a purported class of trust beneficiaries, against codefendants Corning Homes Associates, LP and Corning-Michaels Corporation (hereinafter collectively referred to as Corning), alleging violations of a statutory trust under Lien Law article 3-A. At the same time, Swyer commenced a third-party action against Anne H. Lindgren and John O'Donnell, two officers of Corning, also alleging violations of the statutory trust. Supreme Court granted a motion by Corning, Lindgren and O'Donnell to dismiss the second cross claim and the third-party complaint as time-barred under the applicable one-year statute of limitations (see Lien Law § 77 [2]), prompting this appeal. We affirm.

Defendants concede that their statutory trust claims are untimely unless, as they contend, the claims relate back to their original answer. However, the relation back doctrine does not preserve an untimely claim for affirmative relief in an amended pleading where "the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [f]; see B.B.C.F.D., S.A. v Bank Julius Baer & Co., Ltd., 62 AD3d 425, 426 [2009], lv dismissed 13 NY3d 933 [2010]; United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC, 22 AD3d 1017, 1021 [2005]; Fortin v Hill & Markes, 2 AD3d 934, 935 [2003]). Although the original answer contained a cross claim against Corning for additional payments under Swyer's contract and asserted general denials and affirmative defenses to plaintiff's mechanics' lien claim, nothing in the original answer placed Corning, Lindgren and O'Donnell on notice of the

conduct with which they are charged in the new claims (*see Omni Group Farms v County of Cayuga*, 199 AD2d 1033, 1035 [1993]; *Alpert v Shea Gould Climenko & Casey*, 160 AD2d 67, 72-73 [1990]; *Howard v Hachigian*, 88 AD2d 1064, 1065 [1982], *appeal dismissed* 57 NY2d 955 [1982]; *see also Fazio Masonry, Inc. v Barry, Bette & Led Duke, Inc.*, 23 AD3d 748, 749-750 [2005]). Specifically, defendants' Lien Law article 3-A claims allege that Corning, Lindgren and O'Donnell did not properly account for, or improperly retained or expended, trust funds. These "pertinent underlying factual allegations" are not referred to in the original answer (*cf. Marpe v Dolmetsch*, 246 AD2d 723, 723 [1998]) and constitute more than a mere expansion of the original cross claim (*see A to Z Assoc. v Cooper*, 215 AD2d 161, 162 [1995]; *Green v Irwin*, 174 AD2d 879, 880-882 [1991]; *cf. Caffaro v Trayna*, 35 NY2d 245, 249-251 [1974]).

Defendants' reliance on the fact that the statutory trust obligations arose by operation of law as giving the required notice of its Lien Law article 3-A claims is unavailing because even actual notice of a potential claim is insufficient to invoke the relation back doctrine where notice is not provided in the original pleading itself (*see Joseph Barsuk, Inc. v Niagara Mohawk Power Corp.*, 281 AD2d 875, 876 [2001], *lv dismissed* 97 NY2d 638 [2001]; *Maxon v Franklin Traffic Serv.*, 261 AD2d 830, 830-831 [1999]; *Zaveta v Portelli*, 127 AD2d 760, 760 [1987]; *Shapiro v Schoninger*, 122 AD2d 38, 40 [1986]). Accordingly, we are not persuaded that Supreme Court abused its discretion in holding that the relation back doctrine did not apply to defendants' untimely Lien Law article 3-A claims (*cf. Buran v Coupal*, 87 NY2d 173 [1995]).

The foregoing findings render defendants' remaining contentions academic.

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.