■ Lawyers' Fund for Client Protection of the State of New York, Respondent, v JP Morgan Chase Bank, N.A., Appellant. [915 NYS2d 741]—

Garry, J. Appeal from an order of the Supreme Court (Platkin, J.), entered May 14, 2010 in Albany County, which denied defendant's motion to dismiss the amended complaint.

Plaintiff has the statutory purpose of promoting public confidence in the legal profession by reimbursing losses caused by the dishonest conduct of New York attorneys (see 22 NYCRR 7200.1; Judiciary Law § 468-b [2]; State Finance Law § 97-t). In October 2009, plaintiff commenced this subrogation action seeking to recover funds it had reimbursed to 14 claimants who suffered an aggregate loss of approximately $1 million as the result of an attorney's misappropriation of fiduciary funds. The complaint alleged that defendant retained the attorney and his law firm to close mortgage loans and act as an escrow agent for related funds, that fiduciary escrow accounts were established at defendant's bank for this purpose, and that, between April 2005 and November 2006, the attorney used a check kiting scheme to steal from the accounts. Defendant allegedly breached a duty to conduct reasonable inspections and follow procedures that would have prevented the fraud and the claimants' losses.

In December 2009, defendant moved to dismiss the complaint for failure to state a cause of action due to, among other things, its failure to identify the claimants and particularize their individual losses. On December 22, 2009, plaintiff responded by filing, as of right (see CPLR 3025 [a]), an amended complaint that included the names of 13 claimants* and the specific amounts and circumstances of their losses, which were identified as having taken place between "late October, 2006 and November 17,

* One claim was dropped after the original complaint was filed, lowering the aggregate damage amount by $150.

2006." Defendant withdrew its previous motion and moved to dismiss the amended complaint as time-barred (*see* CPLR 3211 [a] [5]). Supreme Court denied the motion, finding that, although the amended complaint was filed after the expiration of the applicable three-year limitations period (*see* CPLR 214 [5]), it related back to the original date of filing (*see* CPLR 203 [f]). Defendant appeals.

Under the relation back doctrine, an otherwise untimely claim in an amended pleading will be deemed interposed at the time of the original pleading "unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [f]; *see August Bohl Contr. Co., Inc. v L.A. Swyer Co., Inc.*, 74 AD3d 1649, 1650 [2010]). "The sine qua non of the relation[ ]back doctrine is notice" (*Pendleton v City of New York*, 44 AD3d 733, 736 [2007] [citations omitted]), and the requisite notice must be contained in the original pleading (*see Coleman, Grasso & Zasada Appraisals v Coleman*, 246 AD2d 893, 894 [1998], *lvs dismissed* 91 NY2d 1002 [1998], 94 NY2d 849 [1999]). We agree with Supreme Court that plaintiff's original complaint provided defendant with notice of the facts, transactions and occurrences to be proven and, therefore, that the amendment was timely.

The original complaint named the attorney and law firm responsible for the fraud, identified the escrow accounts set up in defendant's bank, and described the manner in which the accounts were intended to function and the means by which the lawyer manipulated them to misappropriate funds. With regard to defendant's conduct, the complaint alleged that, despite knowing that the accounts in question were attorney fiduciary accounts, defendant disregarded certain warning signs, such as regular negative account balances, that placed it on notice and triggered a duty to make reasonable inquiries, as well as other specific errors, acts and omissions that allegedly facilitated and exacerbated the fraud. As to the subrogors, the complaint stated the number of claimants, the time frame within which their losses occurred, and the aggregate amount of their damages, and that, after being reimbursed, the subrogors each signed an agreement transferring their claims to plaintiff. The amended complaint restated these allegations and provided additional detail by narrowing the time frame, naming the individual claimants, and pleading separate causes of action which particularized each claimant's losses and the specific reasons why the misappropriated funds had been deposited into the escrow accounts. The new allegations in the amended complaint

were squarely based on the facts alleged in the original complaint, merely amplifying and adding detail without adding new claimants or causes of action or expanding the amount of damages sought (*see Pendleton v City of New York*, 44 AD3d at 737).

Defendant claims that the original complaint was fatally defective for failing to identify the individual claimants and particularize their claims. In support of this claim, defendant relies on cases involving efforts by health insurers and others to recoup from the tobacco industry the cost of health care provided to large groups of persons injured by the use of tobacco (*see Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 344 F3d 211, 217-218 [2d Cir 2003]; *A.O. Fox Mem. Hosp. v American Tobacco Co.*, 302 AD2d 413, 414 [2003], *lv denied* 100 NY2d 503 [2003]; *Eastern States Health & Welfare Fund v. Philip Morris, Inc.*, 188 Misc 2d 638, 652-653 [2000]). However, the claims in those cases were dismissed not merely because the injured persons had not been identified, but because they could not be identified in a manner appropriate to a subrogation claim. The separate claims asserted on behalf of the injured persons involved such a high degree of individualized inquiry that, as the federal court noted, they "[could not] properly be considered to be subrogated claims" (*Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 344 F3d at 218). Here, in contrast, the group of subrogors whose claims were paid by plaintiff is small, clearly defined and readily identifiable. Notably, the claimants were members of a group that was not entirely unknown to defendant, as defendant had previously dishonored $2.1 million in checks drawn against the escrow accounts for the benefit of these claimants and others. Each claimant was injured in the same way, each claimant's subrogation relationship to plaintiff arose in the same way, and the specific acts and omissions by defendant which were alleged to have caused the claimants' losses were the same. In light of the detail within the original complaint regarding defendant's allegedly wrongful acts and omissions, we are satisfied that the amended complaint was "a mere expansion" of the allegations in the original complaint (*August Bohl Contr. Co., Inc. v L.A. Swyer Co., Inc.*, 74 AD3d at 1651; *compare McHale v Anthony*, 41 AD3d 265, 265-267 [2007]). Accordingly, the motion for dismissal was properly denied.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.