■ US Bank National Association, as Trustee for Credit Suisse First Boston MBS 2004-4, Respondent, v Sandor Gestetner et al., Defendants, and Steven D. Sklar et al., Appellants. [960 NYS2d 227]—

Garry, J. Appeal from an order of the Supreme Court (Cahill, J.), entered February 23, 2012 in Sullivan County, which, among other things, denied a motion by defendants Steven D. Sklar and Erminia Sklar to dismiss the amended complaint against them.

In 2007, plaintiff commenced this action to foreclose a mortgage on real property in the Town of Tusten, Sullivan County executed by defendant Sandor Gestetner in February 2004 and later assigned to plaintiff. Defendant Steven D. Sklar (hereinafter defendant) was named as the record owner of the mortgaged premises. Defendant interposed a pro se answer, and Gestetner defaulted. In 2008, defendant Erminia Sklar (hereinafter Sklar), who is defendant's wife, sought to intervene in the action, asserting that she and defendant (hereinafter collect-

ively referred to as defendants) were co-owners of the property, that a forged power of attorney was used to transfer Sklar's interest to Gestetner in February 2004 and that this conveyance and plaintiff's mortgage were executed without Sklar's knowledge or consent.[1] Plaintiff opposed Sklar's intervention. Supreme Court (Sackett, J.) denied Sklar's application, she appealed and this Court granted her leave to intervene (74 AD3d 1538 [2010]). Thereafter, Sklar served an answer that, among other things, asserted a counterclaim for a judgment pursuant to RPAPL article 15 declaring that the conveyance to Gestetner and plaintiff's mortgage are void.

In June 2011, plaintiff filed an amended complaint that, among other things, asserted new causes of action against defendants and Gestetner for fraud and conspiracy, restitution and/or unjust enrichment and subrogation and/or an equitable mortgage. Defendants moved to dismiss the amended complaint upon the ground, as relevant here, that the claims were time-barred (see CPLR 3211 [a] [5]). Supreme Court denied the motion, and defendants appeal.

Defendants assert that Supreme Court erred in finding that plaintiff's new claims against them were timely. The limitations period for a fraud claim is the greater of six years after the cause of action accrued or two years after it could have been discovered with reasonable diligence (see CPLR 213 [8]).[2] We agree with Supreme Court that the fraud cause of action accrued no later than February 2004, and that plaintiff could not reasonably have discovered it before May 2008, when Sklar first sought to enter the foreclosure action. The limitations period for unjust enrichment is six years from the occurrence of the wrongful acts (see Elliott v Qwest Communications Corp., 25 AD3d 897, 898 [2006]) and, as a claim in equity, the same period applies to plaintiff's cause of action seeking an equitable mortgage (see CPLR 213 [1]; Roslyn Union Free School Dist. v Barkan, 16 NY3d 643, 650 [2011]). Plaintiff's amended complaint was filed in June 2011, roughly 16 months after expiration of the six-year limitations periods and 13 months after expiration of the two-year fraud discovery period.

---

**1.** Following the February 2004 transactions, Gestetner executed a series of deeds that conveyed portions of his interest in the property back to defendant until, by June 2006, all of Gestetner's interest had been so conveyed and defendant was the sole record owner of the property.

**2.** Plaintiff denominated this cause of action "fraud and conspiracy." As no independent cause of action is recognized for civil conspiracy to commit a fraud (see Snyder v Puente De Brooklyn Realty Corp., 297 AD2d 432, 435 [2002], lv denied 99 NY2d 506 [2003]), the timeliness of plaintiff's claim that defendants joined in a fraudulent scheme is fully governed by the statute of limitations applicable to fraud.

Supreme Court found that the claims were nonetheless timely because the statutes of limitations were tolled by two excludable periods of time. The shorter of these periods was an automatic stay of three to seven months resulting from defendant's chapter 7 bankruptcy filing in October 2010. Standing alone, this stay was not long enough to save any of plaintiff's claims and, in any event, applied only to proceedings against defendant, with no effect upon the claims against Sklar (*see United States of Am. v Lyons*, 292 AD2d 683, 684 n [2002], *lv denied* 98 NY2d 606 [2002]). As to the longer period, Supreme Court found that the running of the limitations period was tolled during the pendency of Sklar's motion to intervene, initially filed in November 2008 and ultimately decided by this Court in June 2010. We disagree. There is "no authority in the law for such a toll" (*State of New York v General Elec. Co.*, 199 AD2d 595, 598 [1993]). Unlike a timely motion for leave to amend a complaint to add a defendant, which tolls the running of the statute of limitations as the proposed amendment must await judicial determination (*see Perez v Paramount Communications*, 92 NY2d 749, 754 [1999]), Sklar's application to intervene did not prevent plaintiff from amending its complaint. Plaintiff could have sought leave to add claims against defendant and Gestetner at any time, without regard to the outcome of Sklar's motion. As to Sklar, plaintiff was not required to elect between opposing her intervention and raising timely claims against her, but could have moved in the alternative for leave to amend the complaint in the event that its opposition failed. The rule enunciated in *Perez*, that the statute is tolled when the proposed pleadings are attached to a motion for leave to amend (*see id.* at 755-756), is not implicated here since plaintiff neither sought to amend its complaint nor supplied notice of the proposed amendments until after the limitations periods had expired.

Nonetheless, we find some of plaintiff's new claims timely based upon the relation back doctrine (*see* CPLR 203 [f]). Contrary to the parties' arguments, the three-step inquiry applied in determining whether a complaint may be amended to add a new defendant does not apply to Sklar (*see e.g. Buran v Coupal*, 87 NY2d 173, 178 [1995]; *De Sanna v Rockefeller Ctr., Inc.*, 9 AD3d 596, 597-598 [2004]). Having sought to make herself a defendant and assert a counterclaim, Sklar was already a party to the action when plaintiff filed its amended complaint. As she had full knowledge of plaintiff's original claims, the difficult issues to be considered before belatedly adding a stranger to pending litigation are not posed (*see Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 477 [1985]). Plaintiff's claims against Sklar—as with defendant—are deemed to have been interposed at the time of

its original complaint, to the extent that it "[gave] notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [f]).

Plaintiff's cause of action seeking an equitable mortgage requires proof of "the existence of a clear intent between the parties that certain property be held, given or transferred as security for an obligation" (*New York TRW Tit. Ins. v Wade's Can. Inn & Cocktail Lounge*, 199 AD2d 661, 664 [1993] [internal quotation marks, brackets and citation omitted]; *see Moon v Moon*, 6 AD3d 796, 797-798 [2004]). Such proof arises directly from the transactions and events alleged in plaintiff's original foreclosure claim. As this claim "simply adds a new theory of recovery arising from the same occurrence upon which the original claims are grounded," it relates back to the original complaint (*Leclaire v Fort Hudson Nursing Home, Inc.*, 52 AD3d 1101, 1102 [2008]). The unjust enrichment claim requires a showing that defendants were enriched at plaintiff's expense and that "it is against equity and good conscience to permit [them] to retain what is sought to be recovered" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] [internal quotation marks and citations omitted]; *accord Augur v Augur*, 90 AD3d 1111, 1112 [2011]). Plaintiff's assertion that defendants would be unjustly enriched if permitted to retain the benefits of its unpaid mortgage loan is based upon the same transactions described in the original foreclosure complaint and is thus timely under the relation back doctrine.

We reach a different conclusion as to the cause of action for fraud. "The sine qua non of the relation back doctrine is notice, and the requisite notice must be contained in the original pleading" (*Lawyers' Fund for Client Protection of the State of N.Y. v JP Morgan Chase Bank, N.A.*, 80 AD3d 1129, 1130 [2011] [internal quotation marks, brackets and citations omitted]; *see August Bohl Contr. Co., Inc. v L.A. Swyer Co., Inc.*, 74 AD3d 1649, 1650-1651 [2010]). Here, nothing in the original complaint gave notice of the conduct that plaintiff now alleges constituted a fraudulent scheme involving Gestetner, defendant and Sklar. Further, after Sklar made claims and submitted evidence—such as the allegedly forged power of attorney—that should, with reasonable diligence, have apprised plaintiff of the alleged fraud, it waited more than two years to amend its complaint. Accordingly, the relation back doctrine does not save this claim (*see Lindsey v Robins Co.*, 60 NY2d 417, 429 [1983]). It is unnecessary to address defendants' further contention that the fraud claim was defectively pleaded.

Mercure, J.P., Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Steven D. Sklar and Erminia Sklar to dismiss the cause of action against them for fraud and conspiracy; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.